## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:24-cr-00063 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| KYLE TENNYSON, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States, by its undersigned counsel, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 32.2(b), for the issuance of a Preliminary Order of Forfeiture. This motion is supported by the record in this case and the following memorandum.

### MEMORANDUM

On June 5, 2024, a grand jury in the Southern District of Ohio returned a two-count Indictment charging defendant Kyle Tennyson in Count 1 with Attempted Coercion and Enticement, in violation of 18 U.S.C. § 2422(b). (Doc. 16.)

The forfeiture allegation in the Indictment provided notice to the defendant that the United States would seek the forfeiture, pursuant to 18 U.S.C. § 2428, of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense charged in Count 1 of the Indictment and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offense, including but not limited to the following (the "subject property"):

> An Apple iPhone, IMEI: 356712087836359.

(*Id.*)

The defendant entered into a Plea Agreement with the United States in which the defendant agreed to plead guilty to Count 1 of the Indictment and agreed to the immediate forfeiture of the subject property, pursuant to 18 U.S.C. § 2428, as property that was used or intended to be used to commit or to facilitate the commission of the offense. (Doc. 33.) The defendant entered a plea of guilty to Count 1 of the Indictment on June 11, 2025. (Minute Entry 06/11/2025.)

Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure provides, in relevant part: "If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). "The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).

Based on the evidence set forth in the record, the United States asserts that it has established the requisite nexus between the subject property and the offense to which the defendant has pled guilty. Accordingly, the property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2428.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture, forfeiting the subject property to the United States.

Respectfully submitted,

KELLY A. NORRIS
Acting United States Attorney


s/Danielle E. Margeaux
DANIELLE E. MARGEAUX (OH 98348)
CHRISTY L. MUNCY (KY 88236)
Assistant United States Attorneys
Attorneys for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax: (513) 684-6385
Danielle.Margeaux@usdoj.gov
Christy.Muncy@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2025, a copy of the foregoing United States' Motion for Preliminary Order of Forfeiture was filed with the Court's electronic filing system (CM/ECF), which will send electronic notification of such filing to all parties represented by attorneys who are registered CM/ECF users.

s/ Danielle E. Margeaux
DANIELLE E. MARGEAUX (OH 98348)
Assistant United States Attorney