UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CASE NO. 1:24CR00063-001 |
| PLAINTIFF, | : | |
| | : | JUDGE MCFARLAND |
| V. | : | |
| | : | <u>DEFENDANT'S SENTENCING MEMORANDUM</u> |
| KYLE TENNYSON, | : | |
| | : | |
| DEFENDANT | : | |

Now comes Defendant, Kyle Tennyson, by and through undersigned counsel, and hereby presents the following relevant information for this Honorable Court's consideration in determining a reasonable sentence to impose upon Defendant. For the reasons set forth below, we respectfully submit that Defendant be considered for a minimum sentence.

**I.   Procedural Background**

In addition to the facts listed in the Presentence Investigation Report (PSR): Defendant was Indicted on June 5, 2024, on two counts. On June 11, 2025, Defendant pled guilty pursuant to an Rule11(c)(1)(A) plea agreement to Count One of the Indictment, Attempted Coercion and Enticement in violation of 18 U.S.C. Section 224(b).

**II.   Sentencing Guidelines**

Pursuant the United States Sentencing Guidelines, Defendant falls under a criminal history of 1 and an offense level of 35 (-3 for acceptance of responsibility), totaling the offense level at 32. This would result in an advisory sentencing guideline range of 121 months to 151 months.

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the mandatory Sentencing Guidelines system violated the Sixth Amendment. Therefore, pursuant to

1

*Booker*, the Sentencing Guidelines are advisory. The Guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. §3553 (a). *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The factors to be considered under 18 U.S.C. §3553 (a) include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, the need to deter the defendant and others, as well as the need to protect the public from the defendant's crimes, and the need to provide the defendant with the needed treatment in the most effective manner.

### A. Nature and Circumstances of the Offense and History and Characteristics of the Defendant

The first factor, which is a critical component of any practical sentencing rule is to consider the nature and circumstance of the offense in addition to a defendant's history and characteristics.

Defendant is 35 years of age. He lived the majority of his life in Dublin, Ohio. He resided with his parents until the age of 26. He attended Ohio State University for two years. He maintained employment at Micoweld up until his arrest for the Delaware County, Ohio matter.

Defendant is a capable and determined man who has made mistakes. He has the essentials to be a contributing member of society upon release.

Having given due consideration to a defendant's history and characteristics and the nature and circumstances of the offense, the Court must identify a sentence that reflects the seriousness of the offense, promotes respect for the law, provides a just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant, though "a particular purpose may apply differently, or even not at all, depending on

2

the kind of sentence under consideration." *Tapia v. United States*, U.S. 131 S. Ct. 2382, 2387-88 (2011). In other words, the Court is tasked with balancing the goals of sentencing and determining a fair and appropriate disposition.

### B. The Seriousness of the Offense, the Need to Deter Defendant and the Need to Protect the Public

The second factor requires a consideration of the general purposes of sentencing, which is the imposition of a sentence reflecting the seriousness of the offense, promoting respect for the law, and providing "just punishment" as well as specific deterrence. *United States v. Kimbrough*, 128 S. Ct. 570 (2007). While we appreciate the facial attraction of the general deterrence theory, we respectfully submit that whatever sentence is imposed here will have little impact on others engaging in criminal conduct. See Kittrie, et al., *Sentencing, Sanctions, and Corrections: Federal and State Law, Policy, and Practice*, 29 (2d ed. 2002). The weakness of general deterrence theory is underscored by its reliance on the flawed "underlying assumption that people weigh rationally the consequences of their behavior". Arthur W. Campbell, *Law of Sentencing* § 2:2 (2d ed. 1991).

The more imperative and relevant consideration in our case should be specific deterrence and its sister aim of reducing recidivism. Because this marks Defendant's second conviction, but first federal offense, a lengthy sentence is typically unwarranted. It is also widely recognized that shame and humiliation associated with an arrest and the uncovering of private behavior, distinguishes sex offenders from other categories of defendants. In other words, the mere uncovering of the conduct itself tends to result in lower recidivism rates:

> More than with any other class of offender, getting caught leaves sex offenders humiliated, shamed and shaken to the core. Being hand-cuffed and hauled away from decent society is a shattering experience for anyone, but it all the more electrifying and soul-stripping when the nature of the offense is as intimate and shameful a secret as is a

sex crime. Eric Lotke, *Politics and Irrelevance: Community Notification Statutes*, 10 Fed. Sent. Rprtr. 64 (Sept./Oct. 1997).

Because Defendant faces both the prospect of having to register as a sex offender with all the conditions and requirements attached to registration, treatment and rehabilitation is what is necessary to reform his conduct, reduce the risk of relapse, and prevent any possibility of recidivism. To the extent that rehabilitation is to be achieved through the sanction imposed here, the law recognizes that imprisonment is not a proper vehicle to such an end. *Tapia*, 131 S. Ct. at 2390, ("…do not think about prison as a way to rehabilitate an offender.").

**Sentencing Conclusion and Attachments**

In analyzing the above-mentioned factors, the sentencing court should consider the possibility that a Guidelines Sentence is not just necessary to accomplish the goals set forth in §3553 (a), but that such a sentence would be "greater than necessary". Alternatively stated, a Guidelines sentence will actually thwart application of §3553(a)'s command to impose the minimum sentence necessary to achieve the goals of sentencing. *Rita v. United States*, 127 S. Ct. at 577 (Scalia, J., concurring).

In light of Defendant's history and characteristics, the totality of circumstances surrounding his offense conduct, and the individualized considerations set forth above, as well as any other reasons that may be deemed appropriate and just, we respectfully request that the court impose a sentence that is sufficient but not greater than necessary to meet the ends of justice.

                          Respectfully Submitted,

                          **/s/ Adam Boyd Bleile**
                          Adam Boyd Bleile (071210)
                          *Attorney for Defendant*
                          Bleile & Dawson
                          810 Sycamore Street, 5th Floor
                          Cincinnati, Ohio 45202
                          (P) 513-564-0088

>(F) 513-263-9089
>adamtheattorney@yahoo.com
>
>***/s/ Chelsea Panzeca***
>Chelsea J. Panzeca (0095677)
>*Attorney for Defendant*
>Bleile & Dawson
>810 Sycamore Street, 5th Floor
>Cincinnati, Ohio 45202
>(P) 513-564-0088
>(F) 513-263-9089
>chelseatheattorney@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2025, I electronically filed the foregoing Sentencing Memorandum through the ECF system, which will send a notice of electronic filing to all parties of interest.

>*/s/ Adam Boyd Bleile*

5